## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARMANDO DESPAIGNE ZULVETA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-888 |
| | ) | |
| LARMORE LANDSCAPE ASSOCIATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Armando Despaigne Zulveta, acting *pro se*, has sued his former employer, Larmore Landscape Associates, along with its president, and four company employees asserting claims related to the company's alleged hiring of undocumented aliens. Mr. Zulveta's federal civil RICO claim confers subject matter jurisdiction, but he has not alleged sufficient facts to plausibly state a RICO claim on which relief may be granted. Nor has he properly served process on Larmore Landscape, leaving the Court without personal jurisdiction over that defendant.

The Court will grant the motions to dismiss but will withhold entry of judgment to allow Mr. Zulveta to seek an extension to obtain proper service and to cure other defects in his pleadings. If he does not take advantage of this opportunity, or if his efforts fail to show good cause or are futile, judgment will be entered for the defendants.

# I.    Factual Allegations in the Complaint

Mr. Zulveta was formerly employed by Larmore Landscape, apparently as a landscaper. *See* Doc. 1 at ¶¶ 1, 11. In 2017, two company employees, defendants Modesto Perez and Silvestre Orbe, told him that the company employed "unauthorized workers" and that they, too, were unauthorized. *Id.* at ¶ 13.

"At one point" during his employment, Mr. Zulveta was with Mr. Perez, Mr. Orbe, and defendant Andy Jones, a "crew leader," when an interracial couple "passed by" the group; Mr. Perez expressed his disapproval of interracial relationships. *Id.* at ¶¶ 11, 15–16. Mr. Perez and Mr. Orbe, speaking in Spanish, then began to "denigrate and smear Black people or African American[s] as a whole group." *Id.* at ¶ 16. Mr. Zulveta reminded Mr. Perez and Mr. Orbe "that he is Black [and] understand[s]" Spanish, but they continued to use various racial slurs against African Americans and against him personally. *Id.* at ¶¶ 16–17. Mr. Zulveta "expressed his wish to make a complaint with the company" that Mr. Perez and Mr. Orbe were unauthorized and "not supposed to work alongside . . . Plaintiff," and to complain about "bullying and harassment" while crew leader Mr. Jones was present. *Id.* at ¶ 18. Mr. Jones reacted to his complaint with "disgust and disapproval;" after calling "the office," Mr. Jones took Mr. Zulveta to the office so, Mr. Zulveta thought, that he could lodge a complaint. *Id.* at ¶¶ 19–20.

Instead, Mr. Zulveta was left outside the office and "ambushed . . . while Defendant[s] . . . conspired among themselves inside." *Id.* at ¶ 20. Mr. Jones met inside with defendant Ben Butner, a manager of pruning services, "who after a while came out . . . and also wanted [Mr. Zulveta] to drop the complaint." *Id.* at ¶ 21.

Ultimately, Mr. Zulveta was "[i]nvoluntar[i]ly dismissed," and "Defendant Landscapers' discharging documents" state he was "dismissed . . . for being combative towards employees Orbe and Perez." *Id.* at ¶ 22. In reality, he maintains, Mr. Jones and Mr. Butner conspired to terminate his employment to "silence [his] complaint" about Mr. Orbe and Mr. Perez being undocumented. *Id.* at ¶ 29.

## II.    Subject Matter Jurisdiction

### A.  Generally

Subject matter jurisdiction is a "threshold matter" courts must address before making any decision on the merits, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998),[1] including dismissing a complaint for failure to state a claim. *Bell v. Hood*, 327 U.S. 678, 682 (1946). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Pres. Ass'n v. Cty. Comm'rs of Carroll Cty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008).

"Absent diversity, a district court has subject matter jurisdiction . . . only if the action arose under the Constitution, laws, or treaties of the United States." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (citing 28 U.S.C. § 1331). Mr. Zulveta alleges that he and each of the defendants reside in North Carolina, Doc. 1 at ¶¶ 3–9, and he makes no allegation or claim that there is diversity of citizenship.

The only potential basis for subject matter jurisdiction, then, is a claim "arising under" federal law. 28 U.S.C. § 1331. If federal law "creates the cause of action," a

---

[1] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

federal district court "unquestionably" has subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8–10 (1983), *superseded by statute on other grounds*, 28 U.S.C. § 1441(e).

## B. Possible Sources of Federal Question Jurisdiction in the Complaint

The complaint is not a model of clarity as to the claims Mr. Zulveta intends to assert. He appears to reference four possible sources of federal question jurisdiction: The Immigration Reform and Control Act; the Racketeer Influenced Corrupt Organizations Act; "U.S.C. § 1324;" and the Constitution. Doc. 1 at ¶¶ 31, 37–38, 40.

In a section of the complaint with the heading "Non Legality of Defendants's [sic] Civil Action," Mr. Zulveta asserts that defendants Larmore Landscape and Mr. Larmore violated four laws. As the complaint words it:

a) The State of North Carolina's Anti Trust laws Chapter 75. Monopolies, Trusts and Consumer Protection use unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce,

b) in violation of federal statutes U.S.C. § 1324,

c) in violation of The Racketeer Influenced Corrupt Organizations (RICO) Act,

d) in violation of The Immigration Reform and Control Act (IRCA) is employing unauthorized workers. Employing ten (10) or more unauthorized workers in one (1) year and for more than ten (10) years who are named: Silvester Orbe, Modesto Perez Bonifacio Herrera, [and nine others specifically identified].

*Id.* at ¶ 31 (quoted verbatim but divided into paragraphs for clarity).

In the next paragraph, Mr. Zulveta contends Mr. Perez and Mr. Orbe have displayed "bias and prejudice against a co-worker, at the working place." *Id.* at ¶ 32. He does not, however, reference any specific statutes or theories of liability. *See id.*

In the next section, titled in its entirety as "Defendants Separately or Collectively Engaged In," Mr. Zulveta provides two sub-headings: "Count I -- Civil Conspiracy" and "Count II -- Failure to Intervene." *Id.* at 6. Under the "Count I" subheading, he asserts the defendants acted in concert to accomplish "an unlawful purpose and a lawful purpose by unlawful means." *Id.* at ¶ 34. He references an "underlying tort" and "a tortious act," though he does not explicitly identify the tort or the tortious act. *Id.* at ¶¶ 34, 35.[2] He alleges the defendants as a group "conspired and dismissed Plaintiff from [his] job," and "committed a tortious act in concert with the other[s] pursuant to a common design." *Id.* at ¶¶ 34–35. He contends the conspiracy violated his "Constitutional Rights," but does not specify which of his constitutional rights were violated. *Id.* at ¶ 37.

Under the "Count II" subheading, Mr. Zulveta alleges that "during the constitutional violations described above, one o[r] more of the Defendants stood by without intervening to prevent the misconduct." *Id.* at ¶ 38. He does not identify which of his constitutional rights the defendants violated.

### C. Discussion and Analysis

#### 1. IRCA, Sections 1324 and 1324a

---

[2] It seems likely that Mr. Zulveta meant to assert a state law tort claim for wrongful discharge in violation of public policy. *See, e.g.*, *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989).

In his complaint, Mr. Zulveta unambiguously mentions one federal statute by name, IRCA, *id.* at ¶ 31, which is codified in Title 8 of the United States Code. IRCA provides both civil and criminal penalties for various acts related to bringing aliens into the United States without authorization, for harboring or transporting aliens, for conspiring to commit those acts, 8 U.S.C. § 1324, and for hiring unauthorized aliens. 8 U.S.C. § 1324a. Mr. Zulveta also mentions "U.S.C. § 1324," Doc. 1 at ¶ 31, which the Court assumes refers to 8 U.S.C. § 1324, the provision of IRCA establishing criminal penalties. However, neither the civil provisions in § 1324a nor the criminal provisions in § 1324 provide a private cause of action.

The civil provisions in § 1324a create a regulatory regime governing the employment of unauthorized aliens that is exclusively enforceable by the Attorney General and that exposes employer-violators to civil penalties. *See* 8 U.S.C. §§ 1324a(e) and 1324a(f)(2); *Antonelli v. Crow*, Civil No. 08–261–GFVT, 2012 WL 4215024, at *15 (E.D. Ky. Sept. 19, 2012); *A.L.L. Masonry Constr. Co. v. Omielan*, No. 07 C 5761, 2009 WL 2214026, at *8 n.8 (N.D. Ill. July 23, 2009). "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others," *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001), and courts have held that § 1324a does not create a private cause of action. *Antonelli*, 2012 WL 4215024, at *15; *A.L.L. Masonry*, 2009 WL 2214026, at *8 n.8. Mr. Zulveta provides no cases or other authority to the contrary. Similarly, nothing about the criminal provisions of IRCA in § 1324 indicates Congress intended to create a private civil cause of action by implication. *See Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77–78 (D.C. Cir. 2017) (noting

that a "bare criminal statute, with no other statutory basis for inferring that a civil cause

of action exists, is insufficient to imply Congress intended to create a concomitant civil

remedy"); *accord Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.

1987).  As with § 1324a, courts have held "that there is no federal private right of action

under 8 U.S.C. § 1324."  *Collins v. Molina*, No. 4:08–cv–0461, 2008 WL 8469152, at *3

(S.D. Tex. May 9, 2008) (citing, e.g., *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890, 891,

893 (10th Cir. 1972)).

Typically, a dispute over whether a statute creates a private cause of action goes to

the merits of an action, not to a court's subject matter jurisdiction.  *Steel Co.*, 523 U.S. at

89; *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 507–08 (4th Cir.

2015).  If, however, a claim is "wholly insubstantial and frivolous," *Bell*, 327 U.S. at

682–83, the court is without subject matter jurisdiction and must dismiss the case.

*Shapiro v. McManus*, 136 S. Ct. 450, 455–56 (2015); *Steel Co.*, 523 U.S. at 89; *Lovern v.

Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); *see also Oneida Indian Nation v. Cty. of

Oneida, N.Y.*, 414 U.S. 661, 666–67 (1974).  To the extent Mr. Zulveta purports to assert

a civil cause of action pursuant to IRCA, §§ 1324 or 1324a, these claims are "so . . .

devoid of merit as not to involve a federal controversy," *Oneida Indian Nation*, 414 U.S.

at 666, and they do not support subject matter jurisdiction.

### 2.  Constitutional Claims

Mr. Zulveta also makes passing and unspecified reference to constitutional rights,

Doc. 1 at ¶ 37, and constitutional violations.  *Id.* at ¶ 38.  He does not state whether the

defendants violated his state constitutional rights or his federal constitutional rights.

Nothing in the complaint refers to actions by any government official or anyone acting under color of law. *See Holly v. Scott*, 434 F.3d 287, 291–92 (4th Cir. 2006) (noting the state action requirement in constitutional tort suits and suits under 42 U.S.C. § 1983).

The "mere assertion of a federal claim is not sufficient to obtain jurisdiction," which "requires that a party assert a *substantial* federal claim." *Lovern*, 190 F.3d at 654 (emphasis in original). Even assuming Mr. Zulveta is referring to his federal constitutional rights, such passing references without any allegation of state action are insufficient to establish federal jurisdiction. *See, e.g.*, *Sundwall v. Weinstein & Assocs.*, No. 3:97 CV 405(GLG), 1997 WL 507724, at *2–3 (D. Conn. Aug. 19, 1997) ("Absent any state action, plaintiff's claims involving allegations that her United States Constitutional rights were violated must be dismissed for lack of subject matter jurisdiction.").

### 3. RICO

Finally, Mr. Zulveta asserts that Larmore Landscape and William Larmore acted "in violation of The Racketeer Influenced Corrupt Organizations (RICO) Act." Doc. 1 at ¶ 31. While he does not specify whether he means the federal RICO statute, 18 U.S.C. §§ 1961 et seq., or the North Carolina RICO statute, N.C. Gen. Stat. § 75D-1 et seq., a liberal construction requires the Court to read this as a reference to the federal statute. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (noting the court's "obligat[ion] to liberally construe pro se complaints, however inartfully pleaded").

The federal RICO Act does create a private cause of action for individuals injured by violations of the statute. *See* 18 U.S.C. § 1964(c); *Hemi Group, LLC v. City of New*

*York*, 559 U.S. 1, 6 (2010).  It also explicitly provides that a violation of the criminal provisions of IRCA, 8 U.S.C. § 1324, is a predicate act under RICO.  18 U.S.C. § 1961(1) (including within the definition of "racketeering activity" any act indictable under section 274 of the Immigration and Nationality Act,[3] codified as 8 U.S.C. § 1324).  Thus, proof that someone, "during any 12-month period, knowingly hire[d] for employment at least 10 individuals with actual knowledge that the individuals are aliens," would appear to constitute a "racketeering activity."  *See* 8 U.S.C. § 1324(a)(3)(A); *Walters v. McMahen*, 684 F.3d 435, 440 (4th Cir. 2012).  When federal law "creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction," *Mulcahey*, 29 F.3d at 151, and here, federal law creates a private cause of action for RICO claims based on violations of § 1324.  Therefore, Mr. Zulveta's RICO claim confers subject matter jurisdiction on the Court.  *Cf. Lares Grp., II v. Tobin*, 221 F.3d 41, 45 (1st Cir. 2000).

The defendants contend that because Mr. Zulveta "would have an alternative theory for a violation of RICO based on state law" under the North Carolina RICO statute, his federal RICO claim does not confer federal question jurisdiction.  Doc. 10 at 7–8; Doc. 15 at 7–8.  The defendants' novel argument—that federal courts lack federal question jurisdiction over federal claims if a similar claim exists under state law—would create a rule contrary to the longstanding principle "that the plaintiff is the master of the

---

[3] IRCA amended the Immigration and Nationality Act, *see N.C. Growers Ass'n v. United Farm Workers*, 702 F.3d 755, 759 (4th Cir. 2012), including the provision of the INA codified as 8 U.S.C. § 1324, *see* IRCA, Pub. L. 99–603, § 112, 100 Stat. 3359, 3382 (1986), after RICO was passed in 1970.

complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987), and is free "to decide what law he will rely upon." *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (Holmes, J.). The defendants' view would also empower state legislatures to restrict federal jurisdiction by enacting state-law companions to federal statutes; the scope of federal question jurisdiction would then vary from state to state based on differences in the availability of state-law alternatives. Such a result would intrude on Congress' "plenary" control over the jurisdiction of the lower federal courts. *See Patchak v. Zinke*, 138 S. Ct. 897, 906 (2018); U.S. Const. art. III, §§ 1–2.

The defendants' reliance on *Mulcahey*, 29 F.3d 148, *see* Doc. 10 at 4, 8; Doc. 15 at 4, 8, is misguided. There, the plaintiffs asserted a state law negligence claim in state court, alleging the defendants were negligent *per se* for violating a federal statute, or alternatively, for violating state and local laws. *Id*. at 153–54. The defendants removed the case to federal court, and the issue was whether the district court had federal question jurisdiction. *Id.* at 149–50. The Fourth Circuit held that the district court lacked jurisdiction over the state law negligence claim because it was supported by two theories, only one of which potentially established federal jurisdiction. *Id.* at 153–54. Thus, the potential federal question was not "essential" to the negligence claim, and federal subject matter jurisdiction did not exist. *Id.* ("[I]f a [state law] claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not. . . , then federal subject matter jurisdiction does not exist.").

*Mulcahey* does not apply here because, unlike the state law negligence claim in that case, federal law creates Mr. Zulveta's RICO claim. Therefore, the court

10

"unquestionably" has subject matter jurisdiction.  *See id.* at 151.  Moreover, the North

Carolina RICO Act and the federal RICO Act provide separate statutory causes of action,

not, as *Mulcahey* addressed, alternative theories in support of a single cause of action.  *Id.*

at 153–54.

The defendants raise several additional arguments as to why Mr. Zulveta's federal

RICO claim should be dismissed, but these arguments relate to whether he has failed to

state a claim, not to subject matter jurisdiction.  Indeed, the defendants appear to concede

as much by placing these arguments in sections titled "Failure to State a Claim Upon

Which Relief Can be Granted."  *See* Doc. 23 at 4–10; Doc. 25 at 3–7.  To the extent the

defendants' factual sufficiency arguments are directed towards subject matter

jurisdiction, they do not show that the RICO claim is so "insubstantial and frivolous" as

to implicate jurisdiction, *see Shapiro*, 136 S. Ct. 455; *see also* discussion *infra* Section

IV.A, and, as such, these arguments are best addressed under Rule 12(b)(6).

### D. Conclusion

Because the complaint, liberally construed, asserts a RICO claim under 18 U.S.C.

§ 1964(c), the Court has subject matter jurisdiction.  To the extent the defendants'

motions to dismiss are based on lack of subject matter jurisdiction, they are denied.

## III.   Personal Jurisdiction over Defendant Larmore Landscape

Mr. Zulveta attempted service on Larmore Landscape by delivering the summons

and complaint to the Secretary of State of North Carolina, who then forwarded process to

the company.  Doc. 8-2; Doc. 21 at ¶ 7, p. 6–8.  Such substitute service is only valid in a

limited number of situations, and Mr. Zulveta has not shown that any exist here.

Under Rule 4(h) of the Federal Rules of Civil Procedure, a corporation may be served by serving an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or by using the same "manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) allows for service under the methods provided by state law in the forum state, and North Carolina law allows for service on a corporation by four methods. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a)-(d). Mr. Zulveta did not use any of those methods; instead, he served Larmore Landscape by serving the summons and complaint on the Secretary of State pursuant to N.C. Gen. Stat. § 55D-33(b), Doc. 8-2; Doc. 21 at ¶ 7, p. 6–8, a method known as "substitute service." *Interior Distribs., Inc. v. Hartland Constr. Co.*, 116 N.C. App. 627, 631, 449 S.E.2d 193, 195 (1994) (referring to an earlier version of the statute).

Section 55D-33(b) allows for substitute service on a corporation by serving the North Carolina Secretary of State in only three situations: (*i*) the corporation "fails to appoint or maintain a registered agent in" North Carolina; (*ii*) the corporation's "registered agent cannot with due diligence be found at the registered office;" or (*iii*) "when the Secretary of State revokes a certificate of authority or a statement of foreign registration of a foreign entity authorized to transact business or conduct affairs in" North Carolina. Mr. Zulveta relies only on the second condition. *See* Doc. 19 at 7.

Mr. Zulveta states he personally attempted to serve Larmore Landscape's registered agent, Mr. Larmore, at the company's "known common address," but that "[a]dministrative [s]taff" informed him Mr. Larmore was not present and told him they had no authority to receive such documents. *Id.* at 5–6. He states he called the office

several times thereafter and was told that Mr. Larmore was on vacation for two weeks. *Id.* at 6–7.  Only then, he says, did he resort to substitute service under § 55D-33(b).  *Id.*

This showing is inadequate to meet Mr. Zulveta's burden to show that Larmore Landscape's registered agent could not with due diligence be found at the registered office.  N.C. Gen. Stat. § 55D-33(b); *see Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (noting the burden is on the plaintiff to "make[] a prima facie showing" of personal jurisdiction when challenged).  It is well established that a party to the litigation cannot effect service.  *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (citing Fed. R. Civ. P. 4(c)(2)).  As such, Mr. Zulveta's efforts to personally serve the registered agent for Larmore Landscape cannot be the due diligence contemplated by § 55D-33(b).  In the absence of due diligence, substitute service on the Secretary of State was improper, *see Interior Distribs.*, 116 N.C. App. at 632, 449 S.E.2d at 195–96, and the Court is without personal jurisdiction over Larmore Landscape.  *See Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984) ("Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant.").

While dismissal is proper when service is insufficient, *see*, *e.g.*, *Maybin v. Northside Corr. Ctr.*, 891 F.2d 72, 73 (4th Cir. 1989), "dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service."  *McCreary v. Vaughan-Bassett Furniture Co.*, 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963)).  The Court has discretion to dismiss

the action or to quash service and allow the plaintiff more time to serve process. *Thomas*, 2013 WL 593419, at *1; *see also McCreary*, 412 F. Supp. 2d at 537–39. Where, as here, the efforts of a *pro se* litigant to serve process are technically inadequate but provide actual notice to the defendant,[4] courts generally allow the plaintiff a chance to remedy the defects. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Thomas*, 2013 WL 593419, at *1. If, however, it is so clear that Mr. Zulveta's complaint is subject to dismissal on other grounds that it would be "futile" to allow him more time to properly serve Larmore Landscape, the Court may dismiss the case as to this defendant for lack of personal jurisdiction. *See Walston v. Cintron*, No. 1:18-CV-517, 2018 WL 6624198, at *5–6 (M.D.N.C. Dec. 18, 2018); *Davis v. Close*, 1:13-CV-779, 2014 U.S. Dist. LEXIS 185400, at *4 (M.D.N.C. Mar. 17, 2014).

As explained elsewhere in this opinion, Mr. Zulveta has not plausibly asserted a RICO claim in his complaint, *see infra* Section IV.A, making the entire action subject to dismissal. *See supra* Section II.C–D (holding that the federal RICO claim is the only claim that confers federal question jurisdiction). If he presents a proposed amended complaint that does state a federal claim and seeks an extension of time to serve that

---

[4] Larmore Landscape does not dispute that it received the summons and complaint from the Secretary of State. *See* Doc. 8-2; *see also Wright v. N.C. State Univ.*, No. 5:98-CV-644BR3, 1998 WL 937273, at *5 (E.D.N.C. Nov. 18, 1998) (noting the defendant's filing of a motion to dismiss was evidence the defendant had notice of the pendency of the action). A Sheriff's return receipt indicates that the president of the company, Mr. Larmore, was personally served with a summons directed to him personally but not to the company, Doc. 12 at 1–2, and the attached complaint clearly lists the company as a defendant. *See* Doc. 1 at 1.

amended complaint on Larmore Landscape, the Court will consider granting such an extension.

The Court notes that nothing on the docket indicates that defendant Mr. Orbe has been served with the summons or complaint. The time limit for service of process has passed, *see* Fed. R. Civ. P. 4(m) (stating a defendant must be served within 90 days after the complaint is filed); Doc. 1 at 1 (noting the complaint was filed on October 22, 2018), and if Mr. Zulveta wishes to proceed against Mr. Orbe, he will also need to seek an extension of time to obtain service under Federal Rule of Civil Procedure 4(m).

## IV.    Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In applying that standard, we liberally construe [a] pro se complaint, take all facts pleaded as true, and draw all reasonable inferences in [the plaintiff's] favor." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

### A.  Civil RICO

As noted *supra*, the Court construes the complaint to assert a federal civil RICO claim under 18 U.S.C. § 1964(c), which provides a cause of action to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962." The "substantive" RICO provisions in § 1962, *United States v. Mouzone*, 687 F.3d 207, 217 (4th Cir. 2012), prohibit three distinct types of conduct, each of which involves a "pattern of racketeering activity" or "collection of an unlawful debt." *See* 18 U.S.C. § 1962(a)–

(c); *see also RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2097 (2016). Section 1962(d) prohibits conspiring to violate § 1962(a)–(c).

Thus, to state a RICO claim, a plaintiff must plausibly allege a "pattern of racketeering activity" or "collection of an unlawful debt," or a conspiracy related to those acts. 18 U.S.C. § 1962(a)–(d); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232–33 (1989). Here, Mr. Zulveta does not mention debt or assert facts in any way related to debt or debt collection; as such, he must plausibly assert a "pattern of racketeering activity" to survive a motion to dismiss.

The only potential racketeering activity Mr. Zulveta mentions in the complaint is that defendants Larmore Landscape and William Larmore acted "in violation of federal statute[] U.S.C. § 1324." Doc. 1 at ¶ 31. When one compares the text of Title 8 U.S.C. § 1324 to the factual allegations in the complaint, there is one potential "match." Section 1324(a)(3)(A) prohibits, "during any 12-month period, knowingly hir[ing] for employment at least 10 individuals with actual knowledge that the individuals are aliens." Section 1324(a)(3)(B) defines "alien" as "an unauthorized alien" who "has been brought into the United States in violation of this subsection." In the complaint, Mr. Zulveta asserts that the Larmore defendants "[e]mploy[ed] ten (10) or more unauthorized workers in one (1) year and for more than ten (10) years," and names at least 11 alleged unauthorized employees. Doc. 1 at ¶ 31.

However, Mr. Zulveta includes no facts tending to show that the Larmore defendants had "actual knowledge that the unauthorized aliens hired were brought into the country in violation of 8 U.S.C. § 1324(a)," which is a required element of a civil

16

RICO claim based on this provision. *Walters*, 684 F.3d at 440. In *Walters*, the Fourth Circuit dismissed a civil RICO claim containing much more detailed factual allegations than Mr. Zulveta's complaint because it did not plausibly assert "actual knowledge that the unauthorized aliens had been brought into the" United States in violation of § 1324(a). *Id.* at 442. Moreover, Mr. Zulveta has not plausibly alleged a "pattern of racketeering activity," which requires "at least two distinct but related predicate acts." *Id.* at 440. The allegation that the Larmore defendants "[e]mploy[ed] ten (10) or more unauthorized workers in one (1) year and for more than ten (10) years," Doc. 1 at ¶ 31, even if it did plausibly assert the element of knowledge, would only constitute a single violation of § 1324(a)(3)(A), not a pattern.

Mr. Zulveta has not plausibly alleged a RICO violation based on § 1324 and he has not asserted any other RICO predicates. Therefore, his RICO claim must be dismissed for failure to state a claim upon which relief may be granted.

Because Mr. Zulveta's pro se complaint does "provide at least some arguable factual support" for his RICO claim, the Court will withhold entry of judgment to allow him to file a motion to amend his complaint to address these deficiencies, *see Walston*, 2018 WL 6624198, at *5, if he can do so consistent with Federal Rule of Civil Procedure 11. If he does not move to amend his complaint, the RICO claim will be dismissed, and with it, the entire action. *See infra* Section V.

### B. Other Claims

As noted in *supra* Section II.C.2, to the extent Mr. Zulveta intended to assert a federal constitutional claim or claims pursuant to 8 U.S.C. §§ 1324 or 1324(a), those

claims are wholly insubstantial and fail to state claims. In light of the Court's conclusion about supplemental jurisdiction, *see infra* Section V, the Court need not address whether Mr. Zulveta has plausibly alleged any state law claims.

## V. Supplemental Jurisdiction

Mr. Zulveta's civil RICO claim was the sole basis for subject matter jurisdiction in this action. *See supra* Section II.C–D. It is undisputed that any remaining state law claims against these defendants "form part of the same case or controversy under Article III of the United States Constitution," and so the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998) (noting courts may also assert supplemental jurisdiction over state law claims).

However, the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). With the RICO claim dismissed under Rule 12(b)(6), all "federal questions [are] gone, [and while] there may be the authority to keep [this case] in federal court under 28 U.S.C. § 1367(a) . . . there is no good reason to do so." *Waybright v. Frederick Cty, Md.*, 528 F.3d 199, 209 (4th Cir. 2008). The Court thus declines to exercise supplemental jurisdiction over Mr. Zulveta's remaining claims under § 1367(c). As such, the entire action will be dismissed without prejudice.

The Court will, however, withhold entry of judgment to allow Mr. Zulveta to file a motion to file an amended complaint which corrects the deficiencies in his civil RICO claim, to otherwise clarify his constitutional claim(s) or any other federal claims, or to

demonstrate that any of his state law claims "necessarily depend[] on resolution of a substantial question of federal law." *Mulcahey*, 29 F.3d at 151. If Mr. Zulveta does not successfully obtain permission to amend his complaint, the Court will exercise its discretion under § 1367(c) to dismiss the entire action without further notice.

## VI.    Conclusion

The Court has subject matter jurisdiction over this action based on Mr. Zulveta's federal civil RICO claim, but Mr. Zulveta has not properly served process on Larmore Landscape, and the Court is without personal jurisdiction over this defendant. The sole basis for subject matter jurisdiction—the RICO claim—must be dismissed under Rule 12(b)(6) for failure to state a claim, and there is no good reason for the Court to exercise supplemental jurisdiction over the rest of the claims in the suit. The Court will grant the defendants' motions to dismiss.

Larmore Landscape had actual notice of this lawsuit and Mr. Zulveta's complaint contains some allegations tending to suggest he has a claim for relief under RICO. Therefore, the Court will withhold entry of judgment to allow Mr. Zulveta to seek an extension of time to properly serve Larmore Landscape and to file a motion to amend his complaint. *Cf. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.").

Any motion to amend the complaint must attach a proposed amended complaint as required by Local Rule 15.1. *See also* Fed. R. Civ. P. 15(a)(2). The proposed amended

complaint must specify each cause of action Mr. Zulveta intends to assert, clearly state whether each claim arises under state or federal law, and contain sufficient facts to plausibly support a right to relief for each claim. Though *pro se* plaintiffs are entitled to a degree of deference, they must follow the same rules as represented parties, *see United States v. Beckton*, 740 F.3d 303, 306 n.* (4th Cir. 2014); *Crisp v. Allied Interstate Collection Agency*, 149 F. Supp. 3d 589, 592 n.4 (M.D.N.C. 2016), and the Court cannot and will not articulate Mr. Zulveta's claims for him. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (noting the Fourth Circuit does not "expect[ ] the district courts to assume the role of advocate for the pro se plaintiff").

The Court will hold the matter open until March 1, 2019. If Mr. Zulveta has not filed a motion for an extension of time to serve the summons and complaint on Larmore Landscape and Silvestre Orbe, the Court will dismiss the complaint without prejudice as to those defendants. If he has not filed a motion for leave to file an amended complaint, the Court will enter judgment in favor of the defendants without further notice to the plaintiff. If Mr. Zulveta does submit a proposed amended complaint but it does not set forth sufficient facts to plausibly assert a cause of action for at least one claim that confers subject matter jurisdiction, the Court will dismiss the entire action and enter judgment. The Court may enter such judgment without further notice to Mr. Zulveta.

Mr. Zulveta has filed a motion for summary judgment. Doc. 30. This motion is premature, as no party has had any opportunity to conduct discovery directed towards potential factual issues. *See* Fed. R. Civ. P. 56(b); LR 56.1(b). The motion is denied without prejudice to renewal, should the case go forward.

It is **ORDERED** that:

1. The motion to dismiss filed by defendant Larmore Landscape Associates, Doc.

   8, is **GRANTED**, and service of process on Larmore Landscape is

   **QUASHED**.

2. The motion to dismiss filed by defendants William Larmore, Ben Butner,

   Andy Jones, and Modesto Perez, Doc. 14, is **GRANTED**.

3. On or before March 1, 2019, plaintiff Armando Despaigne Zulveta may file a

   motion to extend the time limit to serve process on Larmore Landscape

   Associates and Silvestre Orbe and a separate motion to amend his complaint

   with an attached proposed amended complaint which corrects the deficiencies

   noted in this Order.  Mr. Zulveta may also wish to consider deficiencies

   alleged in the defendants' briefing as to his state law claims.  Judgment is

   withheld pending such motions and will be entered in the absence of adequate

   motions timely filed as allowed by this Order.

4. The plaintiff's motion for summary judgment, Doc. 30, is **DENIED** without

   prejudice.

This the 7th day of February, 2019.

UNITED STATES DISTRICT JUDGE